UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23368-CIV-SEITZ/SIMONTON

BRENDA STREET,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
_____/

## ORDER ON INFORMAL DISCOVERY CONFERENCE

This matter came before the Court on an informal discovery conference held before the undersigned on April 13, 2011. The undersigned ruled on several discovery matters at the conference, stating the reasons for the rulings on the record. This Order sets forth these rulings, summarizes the reasons for them stated at the conference, and incorporates by reference such reasons. Having heard from the parties, and for the reasons stated on the record, it is

**ORDERED AND ADJUDGED** as follows:

**1.** With respect to Request #2 of Plaintiff's First Request for Production, to the extent that the referenced investigation report contains the first-hand observations of the safety officer, Mr. Mario Matijic, a witness to the condition of the automatic doors at the time of the incident at issue, Plaintiff has demonstrated good cause for obtaining the statements of Mr. Matijic since he is now deceased and, thus, unavailable for deposition or trial. Therefore, a redacted version of the investigation report, as described in detail at the discovery conference, shall be provided to Plaintiff by the close of business on Thursday, April 14, 2011.

**2.** With respect to Requests #4, #8, #25 (as limited to exemplars), and #29 of Plaintiff's First Request for Production, after hearing argument from the parties,

Defendant's objections are overruled; Defendant shall produce the requested materials on or before May 4, 2011, as stated at the hearing.

3. With respect to Request #9 of Plaintiff's First Request for Production, after hearing argument from the parties, Defendant's objections are overruled in part; Defendant shall produce the requested materials limited to its vessel Grandeur of the Seas, and further limited to the type of automatic doors involved in Plaintiff's claim. In addition, the requested materials shall cover the requested period through the present, and shall be produced on or before May 4, 2011.

4. With respect to Requests #10 and #12 of Plaintiff's First Request for Production, upon notice by the parties, the undersigned finds that the request is moot, based upon the supplemental response that has already been provided to Plaintiff.

5. With respect to Request #18 of Plaintiff's First Request for Production, after hearing argument from the parties, Defendant's objections are overruled in part; Defendant shall produce the requested materials as the request has been limited by Plaintiff's subsequent comments made on the record, concerning the automatic doors and their components, for the time period from April 2009 to the present. Defendant has stated that no written routine inspection reports are prepared, and the undersigned notes that any special inspection materials should also be produced under Request #9, discussed above. These materials shall be produced on or before May 4, 2011.

6. With respect to Request #24 of Plaintiff's First Request for Production, after hearing argument from the parties, Defendant's objections are overruled in part; Defendant shall produce the requested materials limited to any warnings that pertain to the incident at issue or the operation of the automatic doors. Defendant shall be precluded from using in a subsequent proceeding in this case any warnings not

produced pursuant to this request.  The requested materials shall be produced on or before May 4, 2011.

7.  With respect to Request #30 of Plaintiff's First Request for Production, after hearing argument from the parties, Defendant's objections are overruled in part; Defendant shall produce the requested materials limited to materials evidencing all acts, concerts, shows, or special events.  Such materials shall include the name of the performance or performers, the type of such performance, and the related contact information.  In lieu of providing materials evidencing this information, Defendant may summarize it in a written response.  Defendant shall produce the requested materials by May 4, 2011.

8.  With respect to Request #4 of Plaintiff's Second Request for Production, after hearing argument from the parties, Defendant's objections are overruled in part; Defendant shall produce the requested materials limited to general correspondence that applies to the Grandeur of the Seas, and specific correspondence regarding the Grandeur of the Seas.  Defendant shall produce the requested materials by May 4, 2011.

9.  With respect to Interrogatories #7 and #21 of Plaintiff's Interrogatories, after hearing argument from the parties, Defendant's objections are overruled; Defendant, however, may satisfy these interrogatories by making reference by Bates numbers to documents.  Such responses shall be provided by May 4, 2011.

10.  With respect to Interrogatory #8 of Plaintiff's Interrogatories, after hearing argument from the parties, Defendant's objections are overruled in part; Defendant shall produce the requested materials limited to the automatic doors that are the subject of this dispute.  Such response shall be provided by May 4, 2011.

11. With respect to Interrogatories #9, #19 and #20 of Plaintiff's Interrogatories, upon notice by the parties, the undersigned finds that the interrogatories are moot, based upon the supplemental response that has already been provided by Defendant.

**DONE AND ORDERED** in Miami, Florida, on April 22, 2011.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
Counsel of Record