UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23368-CIV-SEITZ/SIMONTON

BRENDA STREET,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
_____/

### ORDER ON INFORMAL DISCOVERY CONFERENCE

This matter came before the Court on an informal discovery conference held before the undersigned on October 4, 2011 (DE # 67). The Honorable Patricia A. Seitz has referred all discovery in this case to the undersigned Magistrate Judge (DE ## 20, 35). Plaintiff seeks to compel production of documents identified in Plaintiff's Third Request for Production (DE # 65). Accordingly, the undersigned heard argument with regard to Plaintiff's bases for compelling production and Defendant's objections to certain requests. The undersigned ruled on these matters at the conference, stating the reasons for the rulings on the record. This Order sets forth these rulings, summarizes the reasons for them stated at the conference, and incorporates by reference such reasons.

With regard to Item No. 1 of Plaintiff's Third Request for Production, Plaintiff seeks certain maintenance and inspection records relating to the automatic door system where the alleged accident occurred for the time period since the filing of this lawsuit to the present. Plaintiff identified at the discovery conference the specific time period of April 2011 to the present. For the reasons stated at the discovery conference, the undersigned granted Plaintiff's motion to compel with respect to these documents. Specifically, Defendant shall produce by Friday, October 14, 2011, the identified documents relating to the time period from April 2011 to the present.

Item No. 3 of Plaintiff's Third Request for Production seeks certain records of payments for repair or maintenance of the subject automatic doors since filing of the lawsuit. Defendant, however, stated at the discovery conference that no such records exist. Accordingly, Defendant shall provide a supplemental answer with this declaration or include this statement as part of the declaration described below. If, on the other hand, Defendant identifies documents responsive to this request, it shall produce them on or before Friday, October 14, 2011.

With regard to Item No. 5 of Plaintiff's Third Request for Production, which seeks certain documents relating to issues of "any automatic door on any ship owned or operated by [Defendant]" improperly closing on an individual, in the five years prior to the incident at bar, Plaintiff argues that responsive documents are relevant because they go to the issue of notice to Defendant of similar problems with similar doors. Defendant responds that each door system is different and, therefore, documents regarding issues with doors other than those at issue in this case are irrelevant. Moreover, although unable to provide sufficient detail at the conference, Defendant contends that production would be unduly burdensome. After hearing from the parties, for the reasons stated at the discovery conference, the undersigned finds that Plaintiff is entitled to discovery of certain repair/maintenance records and injury complaints for similar doors operated under similar circumstances. Nonetheless, while Defendant was not prepared to make a showing of burden at the conference, the undersigned also notes that the broadest reading of Item No. 5 could prove unduly burdensome.

Therefore, the undersigned required that the parties confer within seven days of the conference with regard to the proper scope of this Item. Specifically, for the reasons stated at the discovery conference, the time period shall be limited to the three years prior to the incident at issue in this case, and the documents to be searched shall be

limited to Defendant's AVO and AMOS databases. Within this framework, the parties shall limit the documents sought to vessels with automatic sliding doors that do not have the presence sensors described by counsel. Next, the parties shall identify search terms for searching the records of these ships using Defendant's AVO and AMOS databases that will return results regarding maintenance, repair, or complaints of automatic sliding doors improperly closing on individuals.

In deciding upon search terms, the parties should weigh the possibility of excluding some relevant results with the costs of a broader, more inclusive search. The parties shall seek to identify all reasonably accessible fleet-wide documents that evidence complaints by persons that doors with the same sensors at issue in this case closed on them, as well as related maintenance or repair records. As noted above, the documents initially sought shall be limited to the results returned from a search of the AVO and AMOS databases. If Plaintiff seeks additional documents with respect to the specific results returned from these searches, Plaintiff may raise this issue in accordance with the Court's discovery procedures at a later date, if appropriate.

If, however, after conferring, the parties cannot agree upon a search of these databases that Defendant determines is not unduly burdensome, Defendant shall file with the Court on or before Friday, October 14, 2011, the appropriate declaration(s) attesting to such burden. Thereafter, the undersigned shall set the matter for hearing to determine whether Defendant has made a sufficient showing as to burden, and whether any costs associated with a search should be shifted to Plaintiff.

Finally, as the parties noted at the conference, Plaintiff's alleged accident generated a report in Defendant's incident reports database but never generated a database entry in either the AVO or AMOS systems. Plaintiff's concern, therefore, that other similar incidents might not be uncovered in a limited search of the AVO and AMOS

systems, is well-taken. Defendant, however, stated at the discovery conference that a search of Defendant's incident reports database is unnecessary because incidents similar to that at issue in this case would be uncovered in a search limited to the AVO and AMOS databases. Defendant stated at the hearing that an AVO or AMOS database entry is not generated only when a safety officer determines, upon review of an incident and a subject door system, that a given door system was working properly at the time of an incident. This argument, however, relies upon the safety officer's determination and fails to distinguish between defective design and defective function; injuries could have resulted in the past from an improperly working door system or a system that was properly working but improperly designed, and such results might not be revealed in a search of the AVO or AMOS systems, despite being responsive to Plaintiff's discovery request.

Therefore, if Defendant seeks to maintain its contention that a search of its incident reports database would not produce responsive results that are not already returned in a search of the AVO or AMOS databases, Defendant shall explain in detail in the declaration(s) noted above (or by separate declaration) to the satisfaction of the Court the bases of this contention. If Defendant concedes that no AVO or AMOS report would be generated, despite a complaint about an improper door closing, as long as the safety officer determined that the door had not malfunctioned, then Defendant must produce reports of such incidents, or identify them with specificity in a privilege log if Defendant claims they are privileged.

With respect to Item Nos. 6, 7, 8 and 9 of Plaintiff's Third Request for Production, counsel agreed at the discovery conference that the undersigned's ruling with respect to Item 5 above addressed the discovery disputes between the parties with regard to these Items as well. Therefore, the same ruling applies.

Having heard from the parties, and for the reasons stated on the record, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's motion to compel production of certain documents identified in Plaintiff's Third Request for Production is **GRANTED, IN PART, AND DENIED, IN PART**, as detailed in the body of this Order.

**DONE AND ORDERED** in Miami, Florida, on October 7, 2011.

_/s/ Andrea M. Simonton_
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**
     **Counsel of Record**